INZER, Justice:
This is an appeal by Colonial Savings & Loan Association from a decree of the Chancery Court of the First Judicial District of Harrison County reversing an order of the Board of Savings and Loan Associations granting Colonial authority to open a branch office in the City of Gulf-port.
Colonial Savings & Loan Association, organized and operating under a state charter, filed a petition with the Board of Savings and Loan Associations seeking approval and authority to open a branch office in the City of Gulfport. The petition alleged (1) there was a need for an additional savings and loan office in the City of Gulfport; (2) the establishment of an additional savings and loan association office would not jeopardize any of the existing financial institutions within the area; and (3) the branch office sought to be established would benefit the area. The petition was opposed by the First Guaranty Savings & Loan Association, Southern Savings and Loan Association, Coast Federal Savings & Loan Association and Security Savings and Loan Association.
The hearing was had before the board and the board after hearing evidence, both oral and documentary found (1) that there was a need in the area for an additional savings and loan office which the petitioner could fulfill, (2) the establishment of a branch office in Gulfport would not jeopardize the stability of any existing association or any other financial institution therein situated, (3) that the establishment of such an office would benefit the city and county in which it would be located.
The objectors appealed to the Chancery Court of Harrison County and that court after review of the record found that Colonial failed to meet its burden of proof before the board and that there was no substantial evidence to support the finding of the board. The court in its opinion did not detail the evidence or state the reason why it determined that Colonial failed to meet its burden of proof nor did it point out wherein there was a lack of substantial evidence to support the order of the board. A decree was entered reversing the order of the board authorizing Colonial Savings *859 & Loan Association to establish the branch office. From this decree this appeal is prosecuted.
On appeal Colonial urges that the chancery court was in error in finding that it failed to meet the burden of proof and that there was no substantial evidence to support the order of the board.
The law involved in this case is relatively simple. Colonial was required by virtue of the provisions of Section 81-11-11, Mississippi Code Annotated (1972), to show to the satisfaction of the board (1) that there was a need for the office in the area, (2) that its presence would not jeopardize the financial stability of any existing association and (3) that the office would benefit the area in which it would be located. The board found that Colonial met these statutory requirements. Having so found, the scope of review on appeal is limited. The rule is stated in Bankers Trust Savings & Loan Association v. Bank of Winona, 243 So.2d415 (Miss.1971), as follows:
In granting or denying the right to establish a savings and loan association or a branch office, the Board exercises a licensing power, which is essentially a legislative function. The scope of judicial review in such cases is to determine whether the order granting or denying the license is supported by substantial evidence, is arbitrary or capricious, is beyond the Board’s power, or violates some constitutional or statutory right of an interested party. (243 So.2d at 416).
The sole question to be determined on this appeal is whether there is substantial evidence in the record to support the finding of the board as to the need in the area, no jeopardy to existing savings and loan associations, and benefit to the area. In determining this question we must accept the evidence which supports or reasonably tends to support the conclusion upon which the order is based, together with all inferences favorable to it which may be drawn from the evidence. We also recognize that the board has a certain amount of expertise in its field and has a reasonable latitude in the exercise of sound judgment in its performance of its specialized function. First National Bank of Vicksburg v. Martin, 238 So.2d 856 (Miss.1970).
After a careful review of the evidence in this case we are of the opinion that the decision of the board was based upon substantial evidence. It would serve no useful purpose to detail the evidence in this case. It is sufficient to say that Colonial introduced evidence showing the rapid growth of the area over the past twenty years and a reasonable basis for prediction of continued future growth. Its evidence also established that among the savings and loan associations operating in the area it was already the second largest lender to the people of Harrison County, having originated $1,793,000 in loans during the first ten months of 1969. In addition, it offered the testimony of men with experience in various phases of the building and mortgage business who testified as to the need, no jeopardy and benefit that would result from the establishment of the branch office.
The evidence on behalf of the appellees consisted of the testimony of its officers which was to the effect that there was no need for an additional savings and loan office in Gulfport and in their opinion its presence would jeopardize the financial stability of the existing associations. They were of the opinion that no benefit would result to the area by having an additional savings and loan office in Gulfport.
The Board reached its decision from conflicting evidence, and it is not for the Court to substitute its opinion for the opinion of the board, where the board has reached its decision on conflicting evidence and where its conclusion is based on substantial evidence.
There being substantial evidence to support the order of the board, the decree of *860 the chancery court must be and is reversed and judgment will be entered here reinstating the order of the Board of Savings and Loan Associations granting authority to appellant to open a branch office in the City of Gulfport.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, WALKER and BROOM, JJ„ concur.